[No. F004990. Fifth Dist. Nov. 6, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
MANUEL MESA, Defendant and Appellant.

**COUNSEL**

Michael L. Pinkerton and Allen R. Crown, under appointments by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, and Willard F. Jones, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**BROWN (G. A.), P. J.**—Pursuant to a plea bargain, defendant, Manuel Mesa, pled guilty to felony burglary (Pen. Code, §§ 459/460). The plea was entered before a magistrate as set forth in Penal Code section 859a, subdivision (a). The plea bargain provided appellant would not be sentenced to more than two years in prison, the mitigated term. The magistrate certified the case to the superior court and set the sentencing for November 30, 1983. On November 8, 1984,[1] defendant appeared with counsel before the superior court for sentencing. Before sentence was pronounced, defendant orally moved to withdraw his guilty plea on the ground that he did not commit the crime. The public defender, appearing for the defendant, indicated his office found no legal ground for a change of plea. After questioning appellant regarding his plea, the court stated: "[T]he Court finds no good cause for withdrawal of the plea, and denies the motion, denies a remand to the lower court." The court thereafter sentenced defendant to

---

[1]Appellant failed to appear at his original sentencing hearing set for November 30, 1983. He was at large until October 29, 1984, when he was arrested on a bench warrant.

state prison for two years in accordance with the plea agreement. A timely notice of appeal was filed, and the superior court issued a certificate of probable cause.

Penal Code section 859a, subdivision (a), provides in relevant part: "If the defendant subsequently files a written motion to withdraw the plea under Section 1018, the motion shall be heard and determined by the court before which the plea was entered."

■ Appellant contends that the superior court acted in excess of its jurisdiction when it failed to remand the case to the municipal court for a hearing on defendant's motion to withdraw his guilty plea.

The legislative history of this statutory requirement demonstrates that the legislative purpose of the provision is to require the motion to withdraw a plea to be heard by the judge who accepted the plea and is therefore most familiar with the circumstances. However, by the clear and unequivocal wording of the statute, the obligation to refer the motion to withdraw to the judge who accepted the plea is conditioned upon a *written* motion. ("If the defendant subsequently files a written motion to withdraw the plea . . . .")

Assuming arguendo there may be some circumstances under which a court would be justified in acting on an oral motion to withdraw a plea, nothing in the facts of this case favors such a course. Most importantly, the record demonstrates that defendant was not prejudiced by the superior court's failure to refer the defendant's motion to the municipal court.

Defense counsel made it clear there were no grounds for withdrawal of the plea; she reviewed the original record of the plea and talked with the defendant.

"MR. KAHL [Deputy Public Defender]: It was continued to this morning to give Ms. Hart of my office an opportunity to talk to Mr. Mesa.

"It seems Mr. Mesa wants to withdraw his previously entered plea.

"Ms. Hart has checked the change of plea transcript, and indicated that she can't find any legal grounds.

"However, Mr. Mesa still wants to renew his request to withdraw his previously entered plea, claims he has a new defense."

We can safely assume defense counsel had no intention of filing a written motion to withdraw the guilty plea.

By questioning defendant regarding his grounds for withdrawal, the court assured itself that there were in fact no legal grounds for withdrawal of the plea and therefore defense counsel's failure to file a written motion was not improper.

"THE COURT: Mr. Mesa?

"THE DEFENDANT: Yes.

"THE COURT: You are asking to withdraw your plea on what grounds, sir?

"THE DEFENDANT: On the grounds I didn't commit the crime.

"THE COURT: Did you plead guilty to the crime?

"THE DEFENDANT: Yes.

"THE COURT: And did you understand the nature of the proceedings when you plead guilty?

"THE DEFENDANT: Yes.

"THE COURT: You remember the Court advising you of all the Constitutional rights you were giving up in order to plead guilty?

"THE DEFENDANT: Yes.

"THE COURT: Was there any misunderstanding in your mind at that time?

"THE DEFENDANT: No.

"THE COURT: All right, the Court finds no good cause for withdrawal of the plea, and denies the motion, denies a remand to the lower court.

"I am satisfied that the defendant made a knowingly, intelligently, voluntarily waiver of his rights.

"He entered his plea with a good factual basis, his statement to the probation officer himself, is that he is guilty.

"Is there any further legal cause why judgment should not be pronounced?"

Having no grounds to set aside the plea and having suffered no prejudice, there is no justification in this case for making an exception to the requirement of a written motion.

The judgment is affirmed.

Franson, J., and Woolpert, J., concurred.