[No. F007464. Fifth Dist. July 31, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
JEREMIAS OSORIO, Defendant and Appellant.

COUNSEL

James William Dirks, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Anthony L. Dicce and Edgar A. Kerry, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

THE COURT.*—Jeremias Osorio contends on this appeal that he received ineffective representation in the trial court because his counsel refused to file a motion to withdraw his guilty plea. We agree with Osorio; we will remand the case for the limited purpose of permitting such a motion, together with appropriate proceedings if the motion is granted.

FACTS

Osorio was charged in an information with four violations of the Health and Safety Code. Counts I and II alleged transportation, sale or furnishing of heroin and cocaine, respectively. (Health & Saf. Code, § 11352.) Counts III and IV alleged possession of the two substances for sale. (Health & Saf. Code, § 11351.) The probation officer's report, apparently based on police reports, alleged that Osorio and a companion negotiated with undercover officers for the sale of heroin. When they were arrested, Osorio's car was searched and 21.4 grams of heroin were found in the car. Police found 68.2 grams of cocaine hidden in the bar where the negotiations took place.

Osorio entered a guilty plea to count I (sale or transporting of heroin) in return for dismissal of the remaining charges.[1] At sentencing the court reviewed the probation officer's report, which described the sales transaction and alleged that Osorio was the principal seller. Osorio objected to this claim. He stated that, in view of the information in the report, he wanted to

---

*Before Brown (G. A.), P. J., Franson, J., and Ballantyne, J.

[1] When the court inquired about the factual basis for the plea, the prosecutor said it was the sale of heroin to the undercover officers. Defense counsel said it was transporting and furnishing, but not sale. Without resolving this dispute, the court stated that defense counsel's statement was "noted" and that there was a factual basis for the plea. The court did not state what the factual basis was. It is apparent that Osorio's position at sentencing would be better if the factual basis for the plea permitted him to show that he was merely providing transportation for the drug dealer, and that he was not the dealer himself.

withdraw his guilty plea. Both the trial court and his own counsel tried to dissuade him from this idea, since it would result in reinstatement of the other three counts. They pointed out to Osorio that his maximum exposure would be increased from five years to "about fifteen years." Osorio persisted in his request.

The court deferred sentencing for a few days so that Osorio and his attorney could decide whether to file a motion to withdraw the plea. When the hearing reconvened, counsel stated that he could not, "in good conscience," submit a motion to withdraw the plea even though Osorio still requested such a motion. Counsel then stated: "What Mr. Osorio is indicating to me, Your Honor, is that he would plead, even though he has already entered a plea to 11352, he would enter a plea to 11351. He has indicated he didn't understand what he was pleading to when he entered his plea, and if he didn't, there would be grounds to withdraw the plea."

The court noted that the plea form signed by Osorio stated that the maximum sentence he could receive was the upper term of five years, and since that was still true "I don't see where the surprise is." The court then imposed the upper term.

## DISCUSSION

 Osorio contends that he was entitled to have his attorney prepare and present a motion to withdraw the guilty plea pursuant to Penal Code section 1018.[2] He asks us to remand the case so that such a motion can be submitted. He relies chiefly on *People* v. *Brown* (1986) 179 Cal.App.3d 207 [224 Cal.Rptr. 476].

Respondent contends that this appeal is barred by Osorio's failure to comply with Penal Code seciton 1237.5. Respondent also contends the *Brown* case is wrongly decided and that we should not follow it.

*Section 1237.5*

Section 1237.5 provides that "[n]o appeal shall be taken by defendant from a judgment of conviction upon a plea of guilty or nolo contendere, except where: (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings; and (b) The trial court has executed and filed a certificate of probable cause for such appeal with the county clerk."

---

[2] All further statutory references are to the California Penal Code.

■ The requirements of this section are inapplicable where the appellant seeks review on appeal "not of the validity of the guilty plea itself, but of proceedings occurring subsequent to the entry of the plea." (*In re Harrell* (1970) 2 Cal.3d 675, 706 [87 Cal.Rptr. 504, 470 P.2d 640].) It is apparent that every motion to withdraw a guilty plea will occur subsequent to the plea itself, but the time of the motion is not the determinative factor: not every appeal from the denial of such a motion is cognizable without regard to section 1237.5. Section 1018 provides the authority for a motion to withdraw a guilty plea. That section vests in the trial court the discretion to permit withdrawal of a guilty plea "for a good cause shown" anytime before judgment is entered. "Good cause shown" might concern events leading up to the plea itself, such as an allegation that the plea was not knowingly and intelligently entered. In such a case, appeal from the denial of such a motion is tantamount to an attack on the validity of the plea itself. An appellant must therefore comply with the requirements of section 1237.5. (*People* v. *Ribero* (1971) 4 Cal.3d 55 [92 Cal.Rptr. 692, 480 P.2d 308].) On the other hand, if the motion to withdraw the plea is based upon activities occurring after the plea, such as an alleged failure to sentence in accordance with a plea bargain, then no probable cause certificate is required for an appeal from denial of the order. (*In re Harrell, supra,* 2 Cal.3d at pp. 705-706.) In the latter circumstances, the appellate court is not called upon to pass on the validity of the plea itself.

■ In the present case, of course, no motion to withdraw the plea was ever filed. If the motion had been filed and denied, it appears from the record that a section 1237.5 certificate would have been required because the plea itself ultimately would be placed in issue. The present appeal, however, attacks the failure of counsel to file the motion in the first instance. The relief requested does not require that we pass upon the validity of the guilty plea. Accordingly, the appeal addresses only the events occurring after the plea and the requirements of section 1237.5 are not applicable. We therefore turn to the merits of the appeal.

*Effective Assistance of Counsel*

Respondent contends that *People* v. *Mesa* (1985) 174 Cal.App.3d 58 [219 Cal.Rptr. 720] should govern our decision in the present case. In *Mesa* the appellant had entered a guilty plea before the magistrate pursuant to section 859a. When he appeared before the superior court for sentencing he orally requested that the case be remanded to the magistrate for consideration of a motion to withdraw the guilty plea. The superior court declined to do so, and we affirmed. Two aspects of the case are of particular significance for the present appeal: First, Mesa's counsel represented to the trial court that she had reviewed the transcript of the sentencing hearing, and that she

found no legal grounds for the motion to withdraw the plea. Second, the trial court ascertained from defendant that his sole basis for wanting to withdraw the plea was that he did not commit the crime; when the court was considering the request for remand, Mesa specifically stated that he had *understood* the guilty plea when he entered it. In deciding *Mesa,* we noted that there had been no written motion to withdraw the guilty plea, and held: "Having no grounds to set aside the plea and having suffered no prejudice, there is no justification in this case for making an exception to the requirement of a written motion. [¶] The judgment is affirmed." (*Id.* at p. 62.)

In the present case, by contrast, defense counsel specifically represented to the trial court that there appeared to be good grounds for a motion to withdraw the plea. However, counsel said he could not submit such a motion "in good conscience" apparently because of the potential for a vastly increased maximum sentence upon conviction of all of the original counts. The trial court reviewed the plea change form, on which Osorio originally had indicated his understanding of the various factors in pleading guilty. The court said there was no basis for withdrawal of the plea because the court was only going to sentence within the range disclosed on the plea form. However, the court did not inquire whether and in what regard Osorio might have failed to understand the form itself. Further, the court did not inquire about Osorio's understanding of the relationship between his plea to "transporting or selling" heroin and the court's ability to sentence based on findings that the crime was selling and not "merely" transporting.[3]

We think these facts distinguish the present case from *Mesa.* Instead, we believe *People* v. *Brown, supra,* 179 Cal.App.3d 207 provides a closer analogy.

In *Brown,* the defendant's trial counsel had refused defendant's repeated requests to file a motion to withdraw his plea of nolo contendere. The trial court permitted the defendant to speak in his own behalf, since counsel refused to speak for him. Even though counsel represented to the trial court that there was no legal basis for the withdrawal motion, the appellate court found that the motion would not have been frivolous nor would it have compromised "accepted ethical standards." (*Id.* at p. 216.)

The *Brown* court held that the right to seek to withdraw a guilty plea implicated the defendant's fundamental rights to a jury trial and to testify in his own behalf. Accordingly, the decision to seek such withdrawal was solely on the defendant's; his counsel could provide guidance and advice but

---

[3] See footnote 1, above.

must ultimately acquiesce in defendant's decision. (*Id.* at p. 215.) The court further held that if counsel persisted in refusing to file the motion, the court should conduct a hearing to determine if substitute counsel should be appointed. (*Id.* at p. 216.) The court remanded the case for a hearing on a properly presented motion to withdraw the plea, and for subsequent proceedings dependent on the outcome of the motion.

We believe that counsel's representation to the court that there was a colorable basis for the motion to withdraw the guilty plea requires a similar disposition of the present appeal.

The judgment is set aside for the limited purpose of permitting Osorio within 20 days from the date the remittitur is filed to make a motion to withdraw his plea of guilty in a manner consistent with the views expressed in this opinion. If no motion is made or if made is denied, the judgment should be reinstated by the trial court.