[No. H003869. Sixth Dist. May 15, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
RONALD ALBERT McLEOD, Defendant and Appellant.

**COUNSEL**

Manuel J. Baglanis, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Robert R. Granucci and Dane R. Gillette, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ELIA, J.**—Ronald Albert McLeod appeals from a judgment of conviction of five counts of grand theft (Pen. Code, §§ 484, 487, subd. 1) and one transactionally related misdemeanor, entered upon his pleas of guilty. He contends that his trial attorney abandoned him with respect to his motion to withdraw his guilty pleas, and that the trial court improperly failed to state reasons for the consecutive prison sentences it imposed. We conclude there is no showing of abandonment, and that the apparent sentencing error was harmless. Accordingly we affirm.

Appellant adopts the probation report's account of the underlying facts, from which it appears that in 1984 appellant was operating a business procuring and selling cars on consignment, that he lacked the requisite license for that business (and thus was in misdemeanor violation of Veh. Code, § 11700), and that in the five instances reflected in the grand theft counts he failed to turn substantial sale profits over to consignors.

These crimes occurred in July 1984. After nearly three years of delays acquiesced in and sometimes caused by appellant, in March 1987 appellant pled guilty to all six counts. The parties agreed appellant would be sentenced to neither prison nor jail if he paid $40,000 in restitution, half by October 1, 1987, and the remainder by January 31, 1988, but that if he did not pay the first $20,000 installment by October 1st, he would be subject to a prison sentence. Appellant twice personally acknowledged that he understood and agreed. The court set the matter over to October 6th, and in essence told appellant he could have until that day to pay the first $20,000. Appellant remained at liberty on bail.

At the October 6th hearing appellant acknowledged that he had not made the $20,000 payment because of a "bad back" and a "variety of other reasons" and asked for a three-week continuance to make the payment. Instead the trial court remanded appellant to custody and set a date for sentencing.

At the beginning of the sentencing hearing appellant's attorney stated "it is Mr. Mc Leod's request he be given an opportunity to attempt to withdraw his previously entered pleas of guilty. I advised him I could not represent him during that proceedings due to the nature of the proceeding." The attorney represented to the court that appellant was "without funds" and asked the court to appoint an attorney to represent appellant. The attorney said he had reviewed appellant's own moving papers and had "strongly advised Mr. Mc Leod after reviewing the paper work not to proceed with the withdrawal of guilty plea in pro per. I thought that an

attorney should review the record, should review his moving papers, and then act accordingly. [¶] It would be our request that the matter be put over for that purpose."

The trial court denied the continuance and immediately sentenced appellant to consecutive terms amounting to a total of four years and eight months in prison, selecting the middle term of two years for one of the theft counts as the base term. In response to appellant's inquiry the court said "I don't think there's any basis whatsoever for withdrawing the plea and he can take that matter up on appeal." To appellant's attorney the court said: "I don't believe your client is acting in good faith whatsoever in connection with this case at any time throughout the course of the case. And his motion for a withdraw[a]l of the plea as far as I'm concerned is just one more of those tactics to delay the case. [¶] His being sentenced to state prison has nothing to do with the papers that are being filed, not being filed. And if he wants to appeal, the court will hear that on appeal." Neither appellant's proposed motion nor any further description of it appears in the record.

The trial court subsequently reduced appellant's aggregate prison term to four years, to comply with the twice-the-base-term limitation imposed by Penal Code section 1170.1, subdivision (g).

■   In this court appellant first contends that his attorney, "[b]y advising appellant that he could not represent him in the motion to withdraw his plea, by requesting the appointment of a different attorney and by failing to present the trial court with the basis for appellant's motion, . . . abandoned his client." This contention is directed solely to the conduct of his attorney. Appellant does not question the actions of the trial court in refusing to grant time for a substitution of attorneys or to consider the motion appellant wanted to make.

Appellant relies primarily on our decision in *People* v. *Brown* (1986) 179 Cal.App.3d 207, 215-216 [224 Cal.Rptr. 476], and on *People* v. *Osorio* (1987) 194 Cal.App.3d 183, 188-189 [239 Cal.Rptr. 333], which followed *Brown.* In *Brown,* defense counsel advised the court that Brown wished to withdraw his nolo contendere pleas but that " 'I am not making that motion on his behalf. I don't believe there is any legal basis at this time for him to move the court to withdraw his plea. And so I am not making that motion. . . .' " (*People* v. *Brown, supra,* 179 Cal.App.3d at p. 211.) The trial court then allowed Brown to make his own motion, and denied it. (*Id.* at pp. 211-213.) In *Osorio,* defendant Osorio himself indicated at sentencing that he wished to withdraw his guilty plea. Defense counsel attempted to dissuade him for tactical reasons. After a continuance, defense counsel said "that he could not, 'in good conscience,' submit a motion to withdraw the

plea . . ." notwithstanding Osorio's wishes, but that Osorio " 'has indicated he didn't understand what he was pleading to when he entered his plea, and if he didn't, there would be grounds to withdraw the plea.' " (*People* v. *Osorio, supra,* 194 Cal.App.3d at p. 186.) The trial court then immediately sentenced Osorio, without expressly accepting or ruling on the proposed motion.

Neither *Brown* nor *Osorio* controls the circumstances of record here. In each of those cases counsel simply refused to make the motion in behalf of the client. In neither case did counsel suggest a legally adequate reason for the refusal: In *Brown* counsel perceived no "legal basis" for the motion; in *Osorio* counsel alluded to possible grounds but indicated a belief that assertion of those grounds would be tactically unwise. In neither case did counsel suggest that she *could not* proceed, or that other counsel be appointed. In *Brown* we ultimately held that absent an adequate reason for counsel's refusal "[d]efendant was entitled to have the motion presented to the court by his attorney of record." (*People* v. *Brown, supra,* 179 Cal.App.3d at p. 215.) We set aside the judgment so that Brown could make his motion in a manner consistent with our opinion. (*Id.* at pp. 216-217.) In *Osorio* another Court of Appeal, influenced by "counsel's representation to the [trial] court that there was a colorable basis for the motion to withdraw the guilty plea" adopted the *Brown* disposition. (*People* v. *Osorio, supra,* 194 Cal.App.3d at p. 189.)

In the matter before us, appellant's trial counsel never suggested a legal or tactical reason why appellant's motion to withdraw his pleas should not be made. Indeed, having stated that he could not represent appellant with respect to the motion, trial counsel urged the court to appoint another attorney to represent appellant. While in *Brown* and *Osorio* the defense attorneys proposed—explicitly in *Brown* and implicitly in *Osorio*—to continue as counsel of record but refused to make particular motions requested by the defendant, in the matter before us counsel professed *inability* to make the requested motion.

Did counsel's proposal to withdraw from representation, without presenting or describing appellant's motion, amount to an "abandonment" of appellant? We conclude it did not.

We "must 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance' " (*Nix* v. *Whiteside* (1986) 475 U.S. 157, 165 [89 L.Ed.2d 123, 133, 106 S.Ct. 988], quoting from *Strickland* v. *Washington* (1984) 466 U.S. 668, 689 [80 L.Ed.2d 674, 694, 104 S.Ct. 2052]), bearing in mind that not even the Sixth Amendment requires a defense attorney to act in violation of accepted ethical standards.

(*Nix* v. *Whiteside, supra,* 475 U.S. at pp. 166-175 [89 L.Ed.2d at pp. 134-135]; cf. *People* v. *Brown, supra,* 179 Cal.App.3d at p. 216). California's Rules of Professional Conduct, binding on every California attorney, require that he or she request leave to withdraw from employment in certain cases, and permit such a request in others, which involve potential compromise of legal or ethical standards. (Rules Prof. Conduct, rule 2-111 (B), (C); cf. Bus. & Prof. Code, § 6076; Rules Prof. Conduct, rule 1-100; Cal. Criminal Law, Procedure and Practice (Cont.Ed.Bar, 1986) § 5.24, pp. 93-94.) But "[t]he attorney seeking to withdraw must be careful not to provide the court with too much detail regarding the grounds for withdrawal while, at the same time, protecting the record for appeal. The attorney-client privilege and the duty to maintain the client's confidence and secrets limit the information that can be divulged." (Cal. Criminal Law, *supra,* at p. 94.)

In light of the strong presumption that counsel acted properly, we find counsel's statements to the trial court to be consistent with an attempt to withdraw on ethical grounds and at the same time properly to provide for the client's ongoing representation. We conclude from the record before us that counsel did not violate his legal or ethical duties to appellant.

■ Appellant's second contention is that this matter should be remanded for resentencing because the trial court did not state reasons for the consecutive sentences it imposed.

A decision to impose consecutive sentences is a sentencing choice for which a statement of reasons is required. (*People* v. *Bejarano* (1981) 114 Cal.App.3d 693, 704 [173 Cal.Rptr. 71]; *People* v. *Walker* (1978) 83 Cal.App.3d 619, 622 [148 Cal.Rptr. 66].) But a failure to state reasons is not prejudicial error per se: If the error is harmless the matter need not be remanded for resentencing. (*People* v. *Preyer* (1985) 164 Cal.App.3d 568, 577 [210 Cal.Rptr. 807]; cf. *People* v. *Dunnahoo* (1984) 152 Cal.App.3d 561, 578-579 [199 Cal.Rptr. 796]; *People* v. *Blessing* (1979) 94 Cal.App.3d 835, 838-839 [155 Cal.Rptr. 780].)

Here the trial court did not place in the record a separate statement of reasons for imposing consecutive sentences. The court did say that it would "follow the recommendation of the probation officer . . . ," and it did so. The probation report is in the record. It contains an ample statement of reasons for the recommendation that appellant receive consecutive sentences. Our ability to review the trial court's decision to follow that recommendation is not impaired. (Cf. *People* v. *Blessing, supra,* 94 Cal.App.3d at p. 838.) The probation report makes clear that the five thefts were committed at different times (Cal. Rules of Court, rule 425(a)(3)), that the convictions are numerous (*id.,* rule 425(a)(5)), and that there were several circum-

stances in aggravation and none in mitigation (*id.,* rule 425). The trial court has already reduced appellant's prison term from four years, eight months, to the four-year maximum dictated (under Pen. Code, § 1170.1, subd. (g)) by its selection of a base term. It is not reasonably probable that resentencing would result in a more favorable disposition for appellant. Accordingly the trial court's erroneous failure to state reasons for the consecutive sentences was harmless. (*People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243]; *People* v. *Preyer, supra,* 164 Cal.App.3d at p. 577.)

The judgment is affirmed.

Agliano, P. J., and Cottle, J., concurred.

A petition for a rehearing was denied June 5, 1989, and appellant's petition for review by the Supreme Court was denied August 17, 1989.