[No. H006057. Sixth Dist. Feb. 25, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
ROMIRO RAY GARCIA, Defendant and Appellant.

**COUNSEL**

Cynthia Podren, under appointment by the Court of Appeal, and Jeffrey M. Evans for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney

General, Martin S. Kaye and Aileen Bunney, Deputy Attorneys General, for Plaintiff and Respondent.

---

**OPINION**

**COTTLE, J.**—Defendant Romiro Ray Garcia seeks a limited reversal based on trial counsel's refusal to pursue and argue defendant's motion to withdraw his nolo contendere plea. We shall remand for further hearing on defendant's motion for withdrawal in accordance with procedures hereinafter described.

### *Procedural and Factual History*

Defendant was accused by complaint of one count of felony assault with a deadly weapon (Pen. Code,[1] § 245, subd. (a)(1)), with the personal infliction of great bodily injury (§ 12022.7), and the personal use of a dangerous weapon (§§ 667, 1192.7). The complaint also alleged that defendant had served a prior prison term within the meaning of section 667, subdivision (b).

On March 24, 1989, defendant entered a plea of nolo contendere to the charged offense, admitted the prior prison term allegation, and submitted the great bodily injury and dangerous weapon allegations on the police report with the understanding he would receive a five-year prison term.

On April 7, 1989, defendant's counsel informed the court that defendant wished to withdraw his plea. The matter was continued for hearing before the trial judge who had presided over defendant's change of plea.

On May 2, 1989, defendant's *Marsden*[2] motion was heard and denied; the resulting transcript has been sealed. Without detailing the substance of that hearing, we note that the question of the pending motion to withdraw defendant's plea was discussed, with trial counsel indicating his refusal to bring the motion. Defendant explained the reasons for his dissatisfaction with his attorney, including counsel's refusal to present the motion to withdraw his plea, conflicts in the attorney-client relationship, and ineffective representation.

On May 29, 1989, defendant filed a petition for writ of habeas corpus in the superior court, requesting withdrawal of his plea and substitution of

---

[1] All further statutory references are to the Penal Code.
[2] *People* v. *Marsden* (1970) 2 Cal.3d 118 [84 Cal.Rptr. 156, 465 P.2d 44].

counsel. The petition for relief was premised, in all essential respects, on the factual allegations which had been asserted and rejected at the *Marsden* hearing, including trial counsel's (1) refusal to prepare or file a motion to withdraw defendant's plea, (2) failure to investigate the underlying facts, (3) urging defendant to plead guilty to the assault charges in order to avoid potential murder charges should the victim die, and (4) informing defendant that the victim was hospitalized and could die, when, in fact, the victim had been released from the hospital and was in no further danger.

On June 13, 1989, the superior court denied defendant's motion to withdraw his plea and imposed a five-year prison term in accordance with the plea agreement. At the commencement of that hearing, the following colloquy occurred:

"THE COURT: Mr. Garcia, you['ve] got a motion to withdraw the plea you'd like to have heard today?

"THE DEFENDANT: No, I'm going to go ahead and file a writ of habeas corpus. I've filed it with Judge Rushing, residing [*sic*] judge in your department.

"THE COURT: Okay. Then I assume that I'm going to submit that it's a motion to withdraw the plea and you can file whatever you want in Judge Rushing's court, but you have done nothing yet; is that correct?

"THE DEFENDANT: Yes. I—I've already filed—

"THE COURT: I haven't gotten any order.

"THE DEFENDANT: Here's a copy. I know Judge Rushings [*sic*] has received his.

"THE COURT: Let him do what he wants. The motion to withdraw the plea is denied. And let's go forward with sentencing. [¶] Would formal arraignment for judgment and the five day rule be waived?

"[DEFENSE COUNSEL]: So waived, your honor.

"THE COURT: Is there any legal cause why I should not proceed?

"THE DEFENDANT: Would you like a copy of the motion?

"THE COURT: That's for Judge Rushing to read. [¶] This matter is here on a waiver of referral to the probation department. Is there any victim present who wishes to be heard?

"THE DEFENDANT: Your honor -

"THE COURT: Just be quiet.

"THE DEFENDANT: Excuse me, your honor.

"THE COURT: Excuse me. Any victim present who wishes to be heard?

"THE DEFENDANT: I'm declaring a preemptory [*sic*] challenge.

"THE COURT: Fine, sir. And that's denied. Do counsel [f]or [the] prosecution or defense[] wish to be heard further?

"[PROSECUTOR]: People submit.

"[DEFENSE COUNSEL]: I have nothing further, your Honor."

The court then pronounced judgment. Two months after the notice of appeal was filed, the superior court denied defendant's writ in deference to the pending appeal.

*Discussion*

■■■ Relying primarily on this court's decision in *People v. Brown* (1986) 179 Cal.App.3d 207 [224 Cal.Rptr. 476], defendant contends he was deprived of his right to counsel. This contention is premised upon trial counsel's refusal to pursue and argue defendant's motion to withdraw his plea of nolo contendere. Defendant seeks a reversal for the limited purpose of allowing him to move for withdrawal of his plea.

In *Brown*, defense counsel informed the court of her client's desire to withdraw his plea, but advised the court that she would " 'not [make] that motion on his behalf' " because she did not " 'believe there [was] any legal basis at this time for him to move the court to withdraw his plea. And so I am not making that motion to the court.' " (179 Cal.App.3d 207, 211.) The court allowed Brown to present the motion without counsel's assistance. During his presentation, Brown also asked the trial court to appoint another lawyer to present the motion. The court denied the request for substitution of counsel and denied Brown's motion to withdraw his plea. (*Id.* at pp. 211-213.)

We concluded that Brown "was deprived of his right to make an effective motion to withdraw his plea of nolo contendere." (*People v. Brown, supra,* 179 Cal.App.3d at p. 213.) In so holding, we acknowledged settled authority

conferring upon the attorney of record the exclusive right "to appear in court . . . and to control the court proceedings" (*id*. at p. 214), but found that "the decision to seek withdrawal of a plea of guilty, just as the decision to enter such plea" is one within the defendant's purview, although counsel may, when appropriate, advise against the decision. (*Id*. at pp. 214-215.) We therefore concluded that the trial court had acted improperly in permitting Brown to bring his motion in pro. per. while he was represented by counsel, had not been accorded status as cocounsel, and had not waived his right to representation. (*Ibid*.) In such circumstances, we held that Brown "was entitled to have the motion presented to the court by his attorney of record" with the proviso that our decision should not be read to compel trial counsel to present a motion which is frivolous or where advancing the motion would compromise "accepted ethical standards." (*Id*. at pp. 215-216.) We remanded for the limited purpose of permitting Brown to make a motion to withdraw his plea. (*Id*. at pp. 216-217.) Having also acknowledged Brown's request for substitution of counsel, we ordered the trial court to conduct a hearing to determine the propriety of appointment of substitute counsel should trial counsel persist in his refusal to file the motion on remand. (*Id*. at p. 216.) Our decision in *Brown* recognized that trial counsel had doubtless believed it was not within the defendant's best interest to withdraw his plea. (*Id*. at p. 215.)

Our holding in *Brown* was subsequently applied in *People* v. *Osorio* (1987) 194 Cal.App.3d 183 [239 Cal.Rptr. 333]. In that case, Osorio sought to withdraw his guilty plea despite attempts by both his attorney and the court to dissuade him. When Osorio persisted, his attorney of record declined to present the motion, stating he could not do so " 'in good conscience.' " (*Id*. at pp. 185-186.) Counsel relayed to the court Osorio's assertion that he did not "understand what he was pleading to when he entered his plea," and further stated that such a claim, if true, would constitute proper grounds for the withdrawal of Osorio's plea. (*Id*. at p. 186.) After noting that the plea form signed by Osorio specified the maximum potential sentence, the court imposed that term without consideration of the motion for withdrawal. (*Ibid*.)

Relying upon our decision in *Brown*, and upon counsel's representation to the court that there was a colorable basis for the motion to withdraw the guilty plea, the reviewing court remanded to permit Osorio the opportunity to make the motion. (*People* v. *Osorio, supra*, 194 Cal.App.3d at pp. 188-189.)

This court again had occasion to address the *Brown* issue in our recent decision of *People* v. *McLeod* (1989) 210 Cal.App.3d 585 [258 Cal.Rptr. 496]. There, trial counsel informed the court of McLeod's desire to with-

draw his previously entered guilty pleas at the commencement of the sentencing hearing, but also indicated that he " 'could not represent [McLeod] during that proceeding[] . . . .' " (*Id.* at p. 587.) Counsel also indicated he had advised McLeod against undertaking his own representation for purposes of the motion and requested a continuance for the appointment of substitute counsel to review the record and then " 'act accordingly.' " The trial court denied the request for a continuance and immediately pronounced judgment. (*Id.* at pp. 587-588.) Thereafter, the trial court indicated that there was no basis for the motion and stated its belief that McLeod was not acting in good faith. (*Id.* at p. 588.)

On appeal, we distinguished *Brown* and *Osorio* on the ground that counsel in those cases had simply refused to tender the motion on behalf of their respective clients. In *McLeod,* on the other hand, counsel suggested she "could not proceed, or that other counsel be appointed." (210 Cal.App.3d at p. 589, italics omitted.) We interpreted counsel's statement to the court as a professed inability to proceed, and further concluded that counsel's comments were "consistent with an attempt to withdraw on ethical grounds and at the same time properly to provide for the client's ongoing representation." (*Id.* at pp. 589-590.) Accordingly, we rejected McLeod's contention that he had been abandoned by his lawyer and, in view of McLeod's failure to raise the issues, did not address the propriety of the trial court's refusal to grant a continuation for substitution of counsel or to consider the merits of McLeod's motion. (*Id.* at pp. 588-590.)

██ In the instant case, before proceeding to the merits of defendant's claims, we first consider the People's contention that any error concerning defendant's motion to withdraw his plea has been waived since it was never formally presented to the trial court. This argument is premised on defendant's purported withdrawal of the motion in deference to the pending writ of habeas corpus. We reject this contention.

In *People* v. *Marsden, supra,* 2 Cal.3d 118, 124, the Supreme Court rejected a similar argument on the ground that it "disregards the defendant's lay status and his admitted ignorance of the law . . . . The semantics employed by a lay person in asserting a constitutional [or fundamental] right should not be given undue weight in determining the protection to be accorded that right."

Whatever defendant's technical expertise, or lack thereof, it was clear throughout the proceedings which followed the entry of his nolo contendere plea, that he wished to present a motion to withdraw his plea and that he did not wish to proceed without assistance of counsel. Moreover, defendant twice offered a copy of the petition for habeas corpus to the trial court and,

on two occasions, attempted to speak but was silenced. Finally, we note that from a legal standpoint, it made no sense whatsoever to withdraw the motion in deference to the habeas proceeding. This only underscores defendant's dilemma.

■ We shall therefore construe the proceedings below as a motion for withdrawal of plea and shall analyze the merits of defendant's claims that trial counsel acted improperly in refusing to present the motion and that the trial court erred in requiring defendant to proceed on a pro se basis.

The People suggest that the error of which defendant complains is ineffective assistance of counsel and cite authority applicable to that issue. We agree that the gravamen of the motion for withdrawal rested on allegations which are properly characterized as claims of ineffective representation. In such cases, we believe there should be a limited exception to the general rule articulated in *Brown*. To hold otherwise would place the attorney in an intolerable position, requiring him to assert his own incompetence and thereby creating a conflict of interest between the client's interests and that of the attorney.

■ Thus, where, as here, a defendant seeks to withdraw a plea on the ground that his attorney of record has not provided adequate representation, we believe that the trial court should follow a procedure comparable to that specified in *People* v. *Stewart* (1985) 171 Cal.App.3d 388, 395-397 [217 Cal.Rptr. 306]. The trial court should first elicit and consider the defendant's reasons for believing he has been ineffectively represented, making such inquiries of the defendant and trial counsel as appear necessary in open court or, if the trial court deems necessary, at an in camera hearing. (*Ibid.*) If the defendant "presents a colorable claim that he was ineffectively represented," the trial court should appoint new counsel "to fully investigate and present the motion." (*Id*. at pp. 397-398.) A defendant presents a colorable claim when he "credibly establishes to the satisfaction of the court the possibility that trial counsel failed to perform with reasonable diligence and that, as a result, a determination more favorable to the defendant might have resulted in the absence of counsel's failings." (*Id.* at p. 397.)[3] If the defendant does not present a colorable claim, the court may deny the motion without providing for new counsel. (*Id.* at pp. 396, 398.)

■ In the instant case, the defendant was permitted to raise and argue his concerns regarding the effectiveness of his counsel at the *Marsden* hear-

[3] If the defendant discharges his initial burden of presenting a colorable claim, it still remains for him to establish good cause for withdrawal of his plea at further hearing on the matter. (*People* v. *Cruz* (1974) 12 Cal.3d 562, 566 [116 Cal.Rptr. 242, 526 P.2d 250] ["Mistake, ignorance or any other factor overcoming the exercise of free judgment is good cause for withdrawal of a guilty plea."].)

ing, at which time the court made inquiries, as it deemed necessary, of both defendant and trial counsel. The People suggest that we should evaluate the validity of defendant's underlying claim as articulated at the *Marsden* hearing. Since the factual allegations which were the basis of the *Marsden* motion were essentially inseparable from the claims upon which the motion for withdrawal was premised, this suggestion appears attractive at first glance.

However, as counsel for defendant pointed out at oral argument on this matter, the *Marsden* and *Stewart* inquiries do not stand on equal footing. In a *Marsden* inquiry, the trial court is required to order a substitution of attorney where the defendant makes "a substantial showing that failure to order substitution is likely to result in constitutionally inadequate representation." (*People* v. *Crandell* (1988) 46 Cal.3d 833, 859 [251 Cal.Rptr. 227, 760 P.2d 423].) As noted above, however, a defendant need only make a colorable claim to be entitled to relief under the standard mandated by *Stewart*. (*People* v. *Stewart, supra*, 171 Cal.App.3d at pp. 397-398.)

In the instant case, defendant cited conflicts in the attorney-client relationship and allegations of ineffective representation, including an alleged failure to investigate the underlying facts, misinformation about the victim's health, and misadvice concerning the legal consequences of the victim's untimely demise. In order to present a colorable claim, the defendant would be obliged to convince the trial court, based upon these allegations, of the possibility that the quality of counsel's representation prejudiced defendant. (*People* v. *Stewart, supra*, 171 Cal.App.3d at pp. 397-398.)

Based on the nature of defendant's complaints at the *Marsden* hearing, we are unable to say that the trial court would have determined defendant failed to discharge his burden had it utilized the *Stewart* standard which we now adopt. Accordingly, we shall remand for further hearing on defendant's motion for withdrawal in accordance with the procedures set forth herein. At such hearing, the trial court may consider the transcript of the May 2, 1989, *Marsden* hearing and such other evidence it deems proper in order to determine whether defendant has presented a colorable claim of ineffective assistance of counsel.

*Disposition*

Judgment is set aside for the limited purpose of permitting defendant to make a motion to withdraw his plea of nolo contendere in a manner

consistent with the views expressed herein. If the motion is denied, the judgment shall be reinstated.

Agliano, P. J., and Premo, J., concurred.

A petition for a rehearing was denied March 14, 1991, and respondent's petition for review by the Supreme Court was denied May 15, 1991.