[No. F018821. Fifth Dist. Apr. 29, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
MARK BATT, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

\*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of the Factual and Procedural History, and parts 1, 2, 4 and 5.

**COUNSEL**

Joseph Morehead, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, W. Scott Thorpe and David A. Rhodes, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**FRANSON, J.\***—Pursuant to a plea bargain, defendant pleaded no contest to two counts of residential burglary on the condition two remaining charges would be dismissed and the prosecution would not oppose a commitment to the California Rehabilitation Center (CRC). Following denial of his motion to withdraw his plea, he was sentenced to an aggregate prison term exceeding six years, thereby rendering him ineligible for a CRC commitment.

We reject defendant's primary contention he should have been permitted to withdraw his plea on the ground he was misinformed by the court and counsel about the likelihood of a CRC commitment. In the published portion of this opinion, we also reject his contention Penal Code[1] section 859a requires the same judge who took the plea, as opposed to the same court, to hear a motion to withdraw the plea. And we hold defendant waived objection to imposition of a restitution fine by failing to raise the issue at or before sentencing. However, we agree with his final contention he was entitled to an additional three days of presentence custody credits. Accordingly, we affirm the judgment in all respects save the matter of custody credits.

FACTUAL AND PROCEDURAL HISTORY†

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

DISCUSSION

1., 2.†

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

3. *Section 859a—Motion to withdraw the plea heard and determined by a different judge than the one who accepted the plea.*

Defendant's change of plea was taken in municipal court on August 7, 1992, by Judge Scott, a visiting judge who apparently was no longer assigned to that court on October 30 when defendant's motion to withdraw his plea was set to be heard. The motion was heard instead by Judge Castellucci. At the outset of the hearing, defendant, citing section 859a, argued his motion must be heard by Judge Scott. However, Judge Castellucci

---

\*Retired Presiding Justice of the Court of Appeal, Fifth District, sitting under assignment by the Chairperson of the Judicial Council.

[1]All future statutory references are to the Penal Code unless otherwise indicated.

†See footnote, *ante*, page 1044.

concluded the statute requires only that the motion be heard by the same court and not necessarily by the same judge who took the plea.

Section 859a generally provides that a defendant who has entered a plea of not guilty before a magistrate[7] may thereafter change his plea to guilty or nolo contendere. In that event, the magistrate must certify the case to the superior court where such proceedings "shall be had as if the defendant had pleaded guilty in that court." The section then goes on to provide in part: "If the defendant subsequently files a written motion to withdraw the plea under Section 1018, the motion shall be heard and determined by *the court* before which the plea was entered." (Italics added.) ▇▇▇ Defendant asserts on appeal, as he did below, this language requires a motion to withdraw a plea to be heard by the same *judge* who took the plea. Therefore, he argues, the matter must be remanded so Judge Scott can hear the motion.

Defendant relies entirely on dictum by this court in *People* v. *Mesa* (1985) 174 Cal.App.3d 58 [219 Cal.Rptr. 720]. The defendant in *Mesa*, pursuant to a plea bargain, pleaded guilty before a magistrate, and the matter was certified to the superior court. Prior to sentencing, the defendant orally moved to withdraw his plea. The court, however, found there was no good cause for withdrawal and declined to remand the matter to the lower court. The defendant, citing section 859a, contended on appeal the court had exceeded its jurisdiction by failing to remand the case. (174 Cal.App.3d at pp. 59-60.) In affirming the judgment, we stated:

"The legislative history[8] of this statutory requirement demonstrates that the legislative purpose of the provision is to require the motion to withdraw a plea to be heard by the judge who accepted the plea and is therefore most familiar with the circumstances. However, by the clear and unequivocal wording of the statute, the obligation to refer the motion to withdraw to the judge who accepted the plea is conditioned upon *written* motion. ('If the defendant subsequently files a written motion to withdraw the plea . . . .')

"Assuming arguendo there may be some circumstances under which a court would be justified in acting on an oral motion to withdraw a plea, nothing in the facts of this case favors such a course. Most importantly, the record demonstrates that defendant was not prejudiced by the superior

[7]Section 859, which immediately precedes section 859a, provides in part: "When the defendant is charged with the commission of a public offense over which the superior court has original jurisdiction, by a written complaint subscribed under oath and on file in a court within the county in which the public offense is triable, he or she shall, without unnecessary delay, be taken before a magistrate of the court in which the complaint is on file."

[8]The legislative history the court has received in the present case sheds no light on the issue.

court's failure to refer the defendant's motion to the municipal court." (174 Cal.App.3d at p. 60.)

Thus, our decision in *Mesa* was based on the defendant's failure to file a written motion to withdraw his plea, not on a resolution of the question presented here.

Section 859a refers to the "magistrate" who takes a defendant's guilty or nolo contendere plea, but requires only that a subsequent motion to withdraw the plea must be heard by the same "court." Clearly, if the Legislature had intended to require the same magistrate to hear the motion, it easily could have said so. (Compare, e.g., section 661 of the Code of Civil Procedure [a motion for new trial shall be heard by the *judge* who presided at the trial unless he or she is absent or unable to act] with section 663 of the same code [a judgment may be vacated by the same *court* in which the trial was held].) Although it may be desirable in most cases for the same magistrate to hear the motion, nothing in the language of section 859a requires that result.

█ In holding that a judge may not retain jurisdiction in himself or herself during the period of a defendant's probation, the Supreme Court has stated: "An individual judge (as distinguished from a court) is not empowered to retain jurisdiction of a cause. The cause is before the court, not the individual judge of that court, and the jurisdiction which the judge exercises is the jurisdiction of the court, not of the judge. Rules of court which provide that posttrial proceedings in a cause shall be heard by the judge who tried the matter are entirely proper, but the individual judge cannot order that such proceedings must be heard by him." (*People* v. *Osslo* (1958) 50 Cal.2d 75, 104 [323 P.2d 397]; see also 2 Witkin, Cal. Procedure (3d ed. 1985) § 50, Courts, p. 65.) █ This rule applies equally well to the present situation absent clear statutory language requiring a particular judge to hear defendant's motion to withdraw his plea.

In addition, a construction of section 859a which requires the same magistrate who took the change of plea to hear the motion to withdraw it would obstruct the efficient operation of the courts where, as evidently was the case here, the magistrate is not available to hear the motion.

In determining legislative intent, the court must look first to the words of the statute themselves; when the language is clear and unambiguous, statutory construction is unnecessary. (*People* v. *Woodhead* (1987) 43 Cal.3d 1002, 1007 [239 Cal.Rptr. 656, 741 P.2d 154].) Nothing in the language of section 859a suggests the Legislature intended "the court" to be given the narrow construction urged by defendant. Section 859a should be interpreted

to mean no more than what it plainly says: a motion to withdraw a guilty or nolo contendere plea shall be heard and determined by *the court* before which the plea was entered. This requirement was satisfied here.

4., 5.*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

## DISPOSITION

The cause is remanded to the superior court with instructions to modify the abstract of judgment to reflect that appellant is entitled to an additional three days of presentence custody credits. In all other respects, the judgment is affirmed.

Martin, Acting P. J., and Buckley, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 20, 1994.

---

*See footnote, *ante*, page 1044.