[No. B087129. Second Dist., Div. Five. Apr. 13, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
ALBERTO VALDEZ, Defendant and Appellant.

1634

**COUNSEL**

Joseph B. de Illy, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, John R. Gorey and Alan D. Tate, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**GRIGNON, J.**—Defendant and appellant Alberto Valdez[1] appeals from a judgment of conviction following a certified guilty plea in municipal court to the sale of cocaine and an admission of a prior narcotics-related conviction. Defendant contends the superior court acted in excess of its jurisdiction

---

[1] Defendant's true name is apparently Marcos Antonio Reyes.

when it denied his motion to withdraw his guilty plea, instead of remanding the matter to the municipal court for a hearing on the motion, as required by Penal Code section 859a.[2] We conclude the provisions of section 859a, concerning motions to withdraw guilty pleas, are mandatory, but not jurisdictional. Consequently, since defendant did not ask the superior court to have his motion heard in municipal court, defendant has waived his right to assert this error on appeal. Moreover, defendant has failed to establish any prejudice resulting from the failure to refer the motion to the municipal court. We affirm.

### PROCEDURAL BACKGROUND

On March 17, 1994, defendant was charged by felony complaint with the sale of cocaine in violation of Health and Safety Code section 11352, subdivision (a). It was further alleged that defendant had suffered certain narcotics-related prior offenses within the meaning of Health and Safety Code section 11370.2, subdivision (a). On July 22, 1994, defendant, who was represented by counsel, entered a certified guilty plea in municipal court to a violation of Health and Safety Code section 11352, subdivision (a) and admitted one prior narcotics-related conviction, with the understanding he would receive six years in state prison concurrent with the sentence on two probation violations when he was sentenced in superior court.

Defendant appeared in superior court for sentencing on August 5, 1994. Defendant orally noticed a motion to withdraw his guilty plea and the matter was continued to August 25, 1994. On August 12, 1994, defendant filed a written motion to withdraw his guilty plea in superior court. The motion was noticed for hearing before the superior court assigned to sentence defendant. On August 25, defendant explained to the superior court judge his reasons for wanting to withdraw his plea. Throughout the proceedings in superior court, defendant was represented by the same counsel who had represented him in municipal court.

Defendant stated the following. He had been advised that he was facing a maximum sentence of 13 years, including the probation violations. He was offered six years and told he had little chance of acquittal in light of the probable police testimony. He was also told that even if he were acquitted of the new charge, he would most likely be found in violation of probation, which would result in a significant state prison sentence. He felt very pressured at the time of the plea, because he had been involved in a child custody matter and was on the verge of obtaining custody of his child. Defendant also had some concern as to whether he was on probation for the two earlier cases.

---

[2]Unless otherwise indicated, future statutory references are to the Penal Code.

The superior court judge reviewed the transcript of the plea taken before the municipal court, carefully and thoroughly examined the transcript on the record with defendant and found: "I am convinced by clear and convincing evidence, in reading this advisement and waiver and plea, that the defendant was advised of each and every right that existed. [¶] He was asked whether his plea was made as a result of threats or promises made to him other than those stated; he was asked whether his plea was being made freely and voluntarily. [¶] So I feel with the excellent advi[c]e of his attorney, . . . and the way the proceedings were handled, and the statements that the defendant made to me, and the criminal record of the defendant showing that he is not a novice to this court, the court believes that the defendant's plea . . . was made knowingly, intelligently, expressly and voluntarily, and that he understood the exact consequences of what was going to happen. The judge even said to him, 'six years. No probation. Do you understand?' And he said, 'yes.' [¶] So for those reasons I do not find good cause, and the court denies the motion to withdraw the plea."

At no time was a request made to have the motion to withdraw the guilty plea heard by the municipal court.

## DISCUSSION

A defendant may be charged with a felony by written complaint filed in the municipal court. (§ 859.) The municipal court acting as a magistrate may accept a defendant's plea of guilty to the charges in the complaint and admission of the prior conviction allegations. (§ 859a.) Upon acceptance of the plea of guilty and admission of the prior conviction allegations, the magistrate is to certify the case to the superior court for sentencing. (*Ibid.*; Cal. Rules of Court, rule 227.9.) After certification of the matter to superior court for sentencing, "the proceedings shall be had as if the defendant had pleaded guilty in [superior] court." (§ 859a.) "If the defendant subsequently files a written motion to withdraw the plea under Section 1018, the motion shall be heard and determined by the court before which the plea was entered." (*Ibid.*) ■ The provisions of section 859a are mandatory. (Cf. *Cronk* v. *Municipal Court* (1982) 138 Cal.App.3d 351, 354 [188 Cal.Rptr. 28].)

A trial court may permit a defendant to withdraw a guilty plea upon a showing of good cause. (§ 1018.) ■ A written motion to withdraw a plea of guilty to a felony, which has been entered before the municipal court, is to be heard by the municipal court. (*People* v. *Mesa* (1985) 174 Cal.App.3d 58, 60 [219 Cal.Rptr. 720].) "The legislative history of this statutory requirement demonstrates that the legislative purpose of the provision is to require the motion to withdraw a plea to be heard by the judge who

accepted the plea and is therefore most familiar with the circumstances." (*Ibid.*) The statute, however, requires only that the motion be heard before the same court, not the same judge. "Although it may be desirable in most cases for the same magistrate to hear the motion, nothing in the language of section 859a requires that result." (*People v. Batt* (1994) 24 Cal.App.4th 1044, 1048 [30 Cal.Rptr.2d 109].)

■ "Most procedural steps, including those which are regarded as 'mandatory,' are not jurisdictional. Errors or omissions in compliance with them are not fatal to the fundamental subject matter jurisdiction of the court [citation] nor to its jurisdiction to act." (2 Witkin, Cal. Procedure (3d ed. 1985) Jurisdiction, § 224, p. 615.) "Frequently, the term, 'jurisdictional' has been used to describe the mandatory nature of the rule. [Citations.] However, '[t]he term "jurisdiction" is used in many senses. [Citation.] The term is not synonymous with "mandatory" . . . .' [Citations.] The failure to comply with a mandatory procedural rule does not render a ruling void." (*People ex rel. Garamendi v. American Autoplan, Inc.* (1993) 20 Cal.App.4th 760, 772 [25 Cal.Rptr.2d 192].)

The superior court has jurisdiction in all felony proceedings. (Cal. Const., art. VI, § 10; Pen. Code, § 1462.) Once a proceeding has been commenced in a court with jurisdiction to hear the matter, the action may continue in that court, even if it ceases to be the proper court, unless the defendant requests a transfer to the proper court. (§ 1462.2; *People v. Clark* (1971) 17 Cal.App.3d 890, 897-898 [95 Cal.Rptr. 411].)

■ A trial court's failure to comply with a nonjurisdictional statutory procedural requirement may not be raised on appeal in the absence of an objection in the trial court. (*People v. Saunders* (1993) 5 Cal.4th 580, 589-590 [20 Cal.Rptr.2d 638, 853 P.2d 1093]; *People v. Neal* (1993) 19 Cal.App.4th 1114, 1122-1124 [24 Cal.Rptr.2d 129]; *People v. Peel* (1993) 17 Cal.App.4th 594, 600 [21 Cal.Rptr.2d 449].) " ' "An appellate court will ordinarily not consider procedural defects or erroneous rulings, in connection with relief sought or defenses asserted, where an objection could have been, but was not, presented to the lower court by some appropriate method . . . . The circumstances may involve such intentional acts or acquiescence as to be appropriately classified under the headings of estoppel or waiver . . . . Often, however, the explanation is simply that it is *unfair to the trial judge and to the adverse party* to take advantage of an error on appeal when it could easily have been corrected at the trial." ' (*Doers v. Golden Gate Bridge etc. Dist.* (1979) 23 Cal.3d 180, 184-185, fn. 1 [], italics in *Doers.*) ' "The purpose of the general doctrine of waiver is to encourage a defendant to bring errors to the attention of the trial court, so that they may be

corrected or avoided and a fair trial had . . . ." ' (*People* v. *Walker* (1991) 54 Cal.3d 1013, 1023 [].) ' "No procedural principle is more familiar to this Court than that a constitutional right," or a right of any other sort, "may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it." [Citation.]' (*United States* v. *Olano* (1993) __ U.S. __, __ [123 L.Ed.2d 508, 517, 113 S.Ct. 1770].)[3]

" 'The rationale for this rule was aptly explained in *Sommer* v. *Martin* (1921) 55 Cal.App. 603 at page 610[] . . . : " 'In the hurry of the trial many things may be, and are overlooked which would readily have been rectified had attention been called to them. The law casts upon the party the duty of looking after his legal rights and of calling the judge's attention to any infringement of them. If any other rule were to obtain, the party would in most cases be careful to be silent as to his objections until it would be too late to obviate them, and the result would be that few judgments would stand the test of an appeal.' " ' " (*People* v. *Saunders*, *supra*, 5 Cal.4th at pp. 589-590.)

In this case, defendant, whose guilty plea was entered in municipal court and certified to superior court, had a statutory right under section 859a to have his motion to withdraw his guilty plea heard in municipal court. The superior court violated section 859a by failing to refer the motion to withdraw the guilty plea to municipal court for hearing. However, this violation of a mandatory statutory procedural requirement infringed no fundamental right of defendant and did not constitute jurisdictional error. Defendant did not call this nonjurisdictional procedural error to the superior court's attention by timely objection. Defendant's failure to object or to request that the motion be referred to municipal court precludes his obtaining appellate relief on the basis of the statutory error committed by the superior court.

Moreover, error by the superior court in failing to refer to municipal court a defendant's motion to withdraw a certified guilty plea entered in municipal court does not require reversal, if the defendant was not prejudiced by the failure. (*People* v. *Mesa*, *supra*, 174 Cal.App.3d at p. 60; Cal. Const., art. VI, § 13; see *People* ex rel. *Garamendi* v. *American Autoplan, Inc.*, *supra*, 20 Cal.App.4th at p. 772.) A defendant suffers no prejudice where there are no

---

[3]"In this context, the terms 'waiver' and 'forfeiture' have long been used interchangeably. The United States Supreme Court recently observed, however: 'Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the "intentional relinquishment or abandonment of a known right." [Citations.]' [Citation.] Thus, it probably is most accurate to denominate defendant's failure to object to the discharge of the jury that determined his guilt as a forfeiture, rather than a waiver, of his statutory right to have that jury determine the truth of the alleged prior convictions."

legal grounds for withdrawal of the plea. (*People* v. *Mesa, supra,* 174 Cal.App.3d at pp. 60-62.)

The record demonstrates that defendant was not prejudiced by the superior court's failure to refer his motion to the municipal court. It is apparent from the record that defendant had no legal grounds for withdrawal of the plea. Defendant had been well represented at all stages of the proceedings by the same counsel. He had been fully advised of his constitutional rights and the consequences of his plea. The plea was unquestionably voluntary. The superior court reviewed the original record of the plea and thoroughly discussed with defendant his reasons for moving to withdraw his plea. Since defendant has stated no legal grounds, either in superior court or on appeal, for withdrawal of his plea, he suffered no prejudice from the failure to refer the motion to the municipal court.

## DISPOSITION

The judgment is affirmed.

Turner, P. J., and Godoy Perez, J., concurred.