Filed 5/20/14  P. v. Peralta CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSEPH PERALTA,<br><br>    Defendant and Appellant. | 2d Crim. No. B248394<br>(Super. Ct. No. 2010034214)<br>(Ventura County) |

　　　　　Appellant Joseph Peralta was charged with second degree commercial burglary (Pen. Code, § 459),[1] assault with a firearm (§ 245, subd. (a)(2)), unlawful transfer of a firearm (former § 12072, subd. (d)), dissuading a witness from testifying (§ 136.1, subd. (a)(1)), and four counts of street terrorism (§ 186.22, subd. (a)).  Appellant also was charged with personally using a firearm in committing the assault (§§ 1203.06, subd. (a)(1), 12022.5), committing the assault for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)), and having suffered a prior strike conviction (§§ 667, subds. (a)(1), (c)(1), (e)(1), 1170.12, subds. (a)(1), (c)(1)).  In exchange for a negotiated sentence, appellant waived his trial rights and pled guilty to the burglary, assault, and

---

　　　　[1] All statutory references are to the Penal Code.

unlawful transfer charges, and admitted the gun use and prior conviction allegations.[2] On motion of the district attorney and pursuant to the plea bargain, the trial court dismissed the remaining charges.

Pursuant to the plea agreement, appellant was sentenced to an aggregate term of 17 years 8 months in state prison. Appellant filed a timely notice of appeal and obtained a certificate of probable cause. He contends that the trial court erroneously denied his motion to withdraw his plea. We disagree and affirm.

FACTS

The facts underlying appellant's convictions are not relevant to the issue raised on appeal, so we need not discuss them in detail. At the preliminary hearing, the prosecution presented evidence that appellant stole approximately $150 from the Perfect Party store in Oxnard with preplanned assistance from a friend, Jessica Velasco, who worked there. Appellant entered the store, approached Velasco at the cash register, and told her to give him the money, gesturing toward his waistband as if to indicate that he had a gun. Velasco later confessed her involvement in the burglary when confronted by the police with a series of incriminating text messages.

Around two weeks later, appellant, a member of the El Rio Trouble gang, fired two rounds from a shotgun at a vehicle driven by Julio Hurtado, a member of the rival Can't Stop Rascals (KS) gang. A nearby resident heard the shots. Appellant sent text messages at the time of the shooting to a friend who lived nearby, stating that he "hit the car" and referencing Hurtado's gang moniker, Striker. Appellant's associate Charlie Cervantes told the police that he was driving appellant that evening and observed appellant shoot at a vehicle after recognizing its occupants as KS gang members.

The following month, appellant—then in custody on other charges— arranged for the sale of a .22-caliber revolver to a confidential informant. After being

---

[2] Appellant also admitted the street gang allegation, but the prosecution dismissed it pursuant to section 1385, subdivision (c).

released from jail, the informant acquired the gun from Cervantes in exchange for $100 in bills whose serial numbers the police had recorded. Subsequently, Cervantes' mother deposited $40 of this cash at the jail for appellant.

Subsequent to being held to answer, appellant entered into a plea agreement on three of the charges and enhancements for a stipulated sentence of 17 years 8 months. He could have received a term of 25 years 8 months. Prior to sentencing, appellant filed a self-prepared motion to withdraw his plea,[3] which the trial court denied after a hearing.[4]

## DISCUSSION

Appellant asserts that defense counsel refused to share with him police reports containing information that would have caused him to reject the plea agreement and stand trial. Appellant also claims that his counsel improperly pressured him to accept the plea agreement. The trial court concluded that appellant had failed to show good cause for relief. The court found that appellant's statements in support of his motion to withdraw were "diametrically opposed to" the statements he had signed in the plea agreement. The court also pointed out that appellant's grounds for withdrawing his plea were vague, general statements that fell far short of the requisite clear and convincing evidence. (See *People v. Williams* (1998) 17 Cal.4th 148, 166.) In particular, appellant

---

[3] Defense counsel submitted the motion on appellant's behalf but did not believe that grounds existed for the requested relief. The court, expressing strong reservations about the propriety of allowing appellant to proceed pro per while retaining his appointed counsel, treated this motion as a signed declaration and allowed the prosecution to cross-examine appellant as to its factual assertions. Although a trial court has discretion to allow a represented criminal defendant to participate in the presentation of his case, "[s]uch an arrangement should not be permitted except upon a substantial showing that it will 'promote justice and judicial efficiency in the particular case.'" (*People v. Kirkpatrick* (1994) 7 Cal.4th 988, 1004, disapproved on other grounds in *People v. Doolin* (2009) 45 Cal.4th 390, 421 & fn. 22.)

[4] With appellant's consent and over the prosecution's objections, a different judge than the one who entered appellant's guilty plea ruled on his motion. (See *People v. Batt* (1994) 24 Cal.App.4th 1044, 1046–1049 [sanctioning this procedure].)

failed to identify any specific piece of information in the police reports that would have affected his pleading decision.  The trial court did not abuse its discretion in denying appellant's motion.  (See *People v. Fairbank* (1997) 16 Cal.4th 1223, 1254.)

The judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:



GILBERT, P. J.



YEGAN, J.

4

Donald D. Coleman, Judge

Superior Court County of Ventura

---

California Appellate Project, Jonathan B. Steiner, Richard B. Lennon, under appointment by the Court of Appeal; Joseph Peralta, in pro. per., for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, James William Bilderback II, Supervising Deputy Attorney General, Alene M. Games, Deputy Attorney General, for Plaintiff and Respondent.