[No. A094463. First Dist., Div. Three. June 28, 2002.]

In re BRANDON H., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
BRANDON H., Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication through part I of the Discussion.

**COUNSEL**

Jonathan David Soglin, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Rene A. Chacon and Bruce Ortega, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**CORRIGAN, J.**—Brandon H. correctly contends the San Francisco County Juvenile Court erred in refusing to consider his motion to withdraw his plea. The dispositional order is reversed and the matter remanded for further proceedings.

*Procedural History*

On October 26, 2000, Brandon admitted a residential burglary allegation in a petition filed in the San Mateo County Juvenile Court (San Mateo court). The court then transferred the case to San Francisco County Juvenile Court (San Francisco court) where Brandon had already been declared a ward of the court on October 6, 2000. Brandon lives in San Francisco County.

In the San Francisco court, Brandon moved to set aside his admission of the burglary in San Mateo County. The motion alleged that Brandon had been advised by his San Mateo County attorney that if he admitted the burglary, he would be transferred to San Francisco and released. The San Francisco court declined to hear the motion and instead transferred the case back to the San Mateo court for a ruling.

The San Mateo court appointed counsel for Brandon. A motion to set aside the plea was made, but then withdrawn. The San Mateo court once again transferred the matter to the San Francisco court.

In San Francisco, Brandon renewed his motion to withdraw the plea, but the court declined to hear the motion, stating, "I'm not willing to entertain the motion to withdraw a neighboring county's plea here."

At disposition, the court found Brandon's San Mateo County burglary to be a felony, and committed him to out-of-home placement with recommended drug and alcohol treatment.

*Discussion*

I.  *Jurisdiction*

█   The San Francisco court has jurisdiction to hear Brandon's motion.

█   Penal Code section 859a concerns adult criminal defendants whose guilty pleas were entered in municipal court and certified to superior court. Upon written motion to withdraw the guilty plea, such a defendant has a right to have his motion heard in municipal court. As explained in *People v. Mesa* (1985) 174 Cal.App.3d 58, 60 [219 Cal.Rptr. 720], the legislative purpose of the provision is to have the motion heard by the judge who accepted the plea and is familiar with the circumstances. However, "[a]lthough it may be desirable in most cases for the same magistrate to hear the motion, nothing in the language of section 859a requires that result." (*People*

*v. Batt* (1994) 24 Cal.App.4th 1044, 1048 [30 Cal.Rptr.2d 109].) The statute requires only that a motion to withdraw a plea be heard by the same court, not the same judge. (*People v. Valdez* (1995) 33 Cal.App.4th 1633, 1638 [39 Cal.Rptr.2d 818].)

■ There is no provision analogous to Penal Code section 859a for juveniles accused of criminal conduct. Unlike adult defendants, juveniles are subject to the intercounty transfer provision of Welfare and Institutions Code section 750.[1] Pursuant to section 750, the entire case may be transferred to the juvenile court of the county where the minor or his custodian resides if the petition is filed in a county other than that of the minor's residence, or if the residence of the person entitled to his custody changes to another county after the petition is filed. (See also Cal. Rules of Court, rule 1425(a), (c), (d).)[2] The court shall not transfer the case unless it determines that the transfer will protect or further the child's best interests. (Rule 1425(e).) The transfer may be made only after the original court has made findings of facts upon which it has exercised jurisdiction over the minor. On the receipt and filing of the findings and order of transfer, the receiving juvenile court must take jurisdiction of the case. (Rule 1425(h).)

Brandon's motion to withdraw his plea does not change the fact that a jurisdictional order was made by the San Mateo court and that the matter was properly transferred. "A final order of transfer permanently removes the entire case from the original court." (10 Witkin, Summary of Cal. Law (9th ed. 1989) Parent & Child, § 470, p. 515.) Once the San Mateo court transferred the matter, the San Francisco court had jurisdiction over Brandon for all purposes. The code specifically mandates that the court to which a case is transferred "*shall* take jurisdiction." (Welf. & Inst. Code, § 750.) There is no statutory provision for a transfer *back* to the original court or for any kind of joint jurisdiction. The court erred in determining that San Francisco was not the proper court to hear the motion.

---

[1] Welfare and Institutions Code section 750 provides: "Whenever a petition is filed in the juvenile court of a county other than the residence of the person named in the petition, or whenever, subsequent to the filing of a petition in the juvenile court of the county where such minor resides, the residence of the person who would be legally entitled to the custody of such minor were it not for the existence of a court order issued pursuant to this chapter is changed to another county, the entire case may be transferred to the juvenile court of the county wherein such person then resides at any time after the court has made a finding of the facts upon which it has exercised its jurisdiction over such minor, and the juvenile court of the county wherein such person then resides shall take jurisdiction of the case upon the receipt and filing with it of such finding of the facts and an order transferring the case."

[2] All further references to rules are to California Rules of Court.

II.  *Waiver**

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

*Disposition**

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

McGuiness, P. J., and Parrilli, J., concurred.

*See footnote, *ante*, page 1153.