Filed 10/26/15

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| STEVEN R., | C077757 |
| Petitioner, | (Super. Ct. No. JV133525) |
| v. | OPINION ON REMAND |
| THE SUPERIOR COURT OF SACRAMENTO COUNTY, | |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS in mandate. James Arguelles, Judge. Petition granted.

Paulino G. Durán, Public Defender, Arthur L. Bowie, Supervising Assistant Public Defender and Patricia Contreras, Assistant Public Defender for Petitioner.

No appearance for Respondent.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Senior Assistant Attorney General, Michael A. Canzoneri, Supervising Deputy Attorney General, David Andrew Eldridge and Barton Bowers, Deputy Attorneys General for Real Party in Interest.

This case is about the application of an unambiguous provision of the Welfare & Institutions Code[1] to the dismissal of a section 602 petition following the transfer of the petition from the juvenile court in one county to the juvenile court in another county for disposition. Section 782 provides in relevant part that only "[a] judge of the juvenile court in which a petition was filed may dismiss the petition."

Petitioner Steven R., a minor, admitted a concealed weapon allegation (Pen. Code, § 25400, subd. (a)(2)) in a section 602 petition filed in San Francisco County Juvenile Court. The court then transferred the case to Sacramento County Juvenile Court for disposition. (§ 750.) The Sacramento County District Attorney filed a section 777 notice of probation violation based on the same conduct alleged in the San Francisco petition and moved to dismiss the petition (§ 782) in order to make Steven eligible for commitment to the Department of Corrections and Rehabilitation, Division of Juvenile Facilities (DJF) under the terms of section 733, subdivision (c).

Section 733, subdivision (c) limits the commitment of a minor to DJF to cases where the minor has been, or is adjudged to be, a ward of the juvenile court pursuant to section 602 and the minor's "most recent offense alleged in any petition and admitted or found to be true by the court" is an offense listed in section 707, subdivision (b), or a sex offense listed in Penal Code section 290.008, subdivision (c). (*In re D.B.* (2014) 58 Cal.4th 941, 944 (*D.B.*).)

The juvenile court of Sacramento County dismissed Steven's most recently sustained San Francisco petition, the concealed weapon offense, which does not qualify for DJF commitment, so as to cause an earlier sustained Sacramento petition, a robbery offense

---

[1] Further undesignated statutory references are to the Welfare & Institutions Code.

(Pen. Code, § 211), which does qualify for a DJF commitment (§ 707, subd. (b)(3)), to be the most recent offense for purposes of section 733, subdivision (c).

Steven filed a petition in this court asking for a writ of mandate directing the trial court to (1) vacate its order granting the motion to dismiss the petition and (2) dismiss the notice of probation violation. We denied the petition summarily. Thereafter, our Supreme Court granted review and transferred the matter back to this court with directions to vacate our order and to issue an order to show cause why relief should not be granted to Steven.

Having complied with the Supreme Court's order and having considered the parties' arguments, we shall conclude that the juvenile court exceeded its jurisdiction in dismissing the petition because section 782, which authorizes dismissal of a section 602 petition, specifically states that "[a] judge of the juvenile court in which a petition was filed may dismiss the petition." Because the petition in question was not filed in Sacramento, the juvenile court was without jurisdiction to dismiss it. Therefore, we shall grant Steven's petition and direct issuance of a writ of mandate.

FACTUAL AND PROCEDURAL BACKGROUND

On May 31, 2012, 14-year-old Steven admitted a robbery allegation in a section 602 petition filed in Sacramento County Juvenile Court. The petition was sustained, and Steven was declared a ward of the court, removed from the care of and custody of his mother, and committed to the care and custody of the probation officer for "suitable Level 'B' placement at George Junior Republic."

On July 7, 2014, Steven was released from placement and placed with his maternal grandmother.

On August 14, 2014, a section 602 petition was filed in San Francisco County Juvenile Court, alleging that then 16-year-old Steven (1) carried a concealed firearm, (2) carried a loaded firearm, and (3) possessed a concealable firearm. On August 15, 2014, Steven admitted carrying a concealed firearm in exchange for dismissal of the remaining

3

counts. The matter was then transferred to Sacramento, where Steven resided, for disposition. (§ 750.)

On August 22, 2014, the Sacramento County District Attorney filed a section 777 notice alleging that Steven had violated the conditions of his probation in the Sacramento case by engaging in the same conduct alleged in the San Francisco petition, and on September 3, 2014, moved to dismiss the San Francisco petition pursuant to section 782 so that Steven would be eligible for a DJF commitment based on the prior petition, a 2012 robbery.[2]

Steven opposed the motion, arguing that the Sacramento court lacked jurisdiction to dismiss the petition because it had not been filed in Sacramento. In support of his assertion, he relied on section 782, which states in pertinent part: "A judge of the juvenile court in which a petition was filed may dismiss the petition." The juvenile court was not persuaded. It found that when a case is transferred pursuant to section 750, "it's transferred for all purposes which would include the ability to dismiss under [section] 782." That effectively rendered the application of section 782 to the San Francisco petition a nullity. The court granted the district attorney's motion under section 782 to dismiss the petition and set the matter for a status conference to address the alleged probation violation.

## DISCUSSION

Steven contends that the Sacramento court lacked jurisdiction to dismiss the petition because it was filed in San Francisco. According to Steven, "the plain language

---

[2]   In *In re Greg F.* (2012) 55 Cal.4th 393, 400 (*Greg F.*), a divided California Supreme Court held that a juvenile court may use its broad discretion under section 782 to dismiss a section 602 petition after a minor has admitted a non-DJF-eligible offense there alleged and treat the matter as a probation violation in order to allow the minor to be committed to DJF. However, in *Greg F.* both cases had been filed in the same juvenile court.

of section 782 does not allow for the receiving juvenile court in a transfer-in for disposition to dismiss the transferring court's petition." We agree.

At all relevant times herein, section 782 provided in part: "A judge of the juvenile court *in which a petition was filed*, at any time before the minor reaches the age of 21 years, may dismiss the petition or may set aside the findings and dismiss the petition if the court finds that the interests of justice and the welfare of the minor require such dismissal, or if it finds that the minor is not in need of treatment or rehabilitation."[3] (Former § 782, as added by Stats. 1971, ch. 607, § 1, italics added.)

"This case poses a straightforward question of statutory interpretation, and we approach it in the familiar framework. Our fundamental task is to determine the Legislature's intent and give effect to the law's purpose. [Citation.] We begin by examining the statute's words ' "because they generally provide the most reliable indicator of legislative intent." [Citation.] If the statutory language is clear and unambiguous our inquiry ends.' [Citation.] However, we 'will not give statutory language a literal meaning if doing so would result in absurd consequences that the Legislature could not have intended. [Citations.]' [Citation.]" (*D.B.*, *supra*, 58 Cal.4th at pp. 945-946.)

Section 782 clearly and unambiguously authorizes "[a] judge of the juvenile court in which a petition was filed" to dismiss the petition provided certain requirements are met. The People do not argue that section 782 is ambiguous. Rather, relying on *In re*

---

[3]  Section 782 was amended effective January 1, 2015. (Stats. 2014, ch. 249, § 1.) As amended, it reads in relevant part: "A judge of the juvenile court in which a petition was filed may dismiss the petition, or may set aside the findings and dismiss the petition, if the court finds that the interests of justice and the welfare of the person who is the subject of the petition require that dismissal, or if it finds that he or she is not in need of treatment or rehabilitation."

5

*Brandon H.* (2002) 99 Cal.App.4th 1153, 1156 (*Brandon H.*), they claim, and the juvenile court found that, once the case was transferred to Sacramento, the Sacramento court obtained jurisdiction over Steven for all purposes, including dismissal of the San Francisco petition. As we shall explain, *Brandon H.*, which did not involve a motion to dismiss pursuant to section 782, is readily distinguishable.

In *Brandon H.*, a minor admitted a residential burglary allegation in a petition filed in San Mateo County Juvenile Court. (*Brandon H., supra*, 99 Cal.App.4th at p. 1155.) The court then transferred the case to San Francisco County Juvenile Court where the minor lived and had already been declared a ward of the court. (*Ibid.*) In the San Francisco court, the minor moved to set aside his admission of the burglary in San Mateo, and the San Francisco court refused " 'to entertain the motion to withdraw a neighboring county's plea.' " (*Ibid.*) Instead, the San Francisco court found the burglary to be a felony and committed the minor to out-of-home placement. (*Ibid.*) The minor appealed, and the Court of Appeal reversed, holding that the San Francisco court had jurisdiction to hear the minor's motion to withdraw his plea. (*Id.* at pp. 1154-1155.) In reaching its conclusion, the court noted that Penal Code section 859a, which applies to adult criminal defendants, requires that a motion to withdraw a plea be heard and determined by the court in which the plea was entered. (*Brandon H.*, at p. 1156.) The court then observed that "[t]here is no provision analogous to Penal Code section 859a for juveniles accused of criminal conduct." (*Ibid.*) The court went on to conclude: " 'A final order of transfer permanently removes the entire case from the original court.' (10 Witkin, Summary of Cal. Law (9th ed. 1989) Parent & Child, § 470, p. 515.) Once the San Mateo court transferred the matter, the San Francisco court had jurisdiction over [the minor] for all purposes. The code specifically mandates that the court to which a case is transferred

6

'*shall* take jurisdiction.' (Welf. & Inst. Code, § 750.)[4]  There is no statutory provision for a transfer *back* to the original court or for any kind of joint jurisdiction." (*Brandon H.*, at p. 1156.)

Unlike *Brandon H.,* in the present case there is a statute analogous to Penal Code section 859a.  Section 782 specifies that a motion to dismiss a section 602 petition may be granted by "[a] judge of the juvenile court *in which [the] petition was filed*." (Italics added.)  The existence of section 782 distinguishes the present case from *Brandon H*. Moreover, the *Brandon H.* court's finding that "[o]nce the San Mateo court transferred the matter, the San Francisco court had jurisdiction over [the minor] *for all purposes*" (*Brandon H., supra*, 99 Cal.App.4th at p. 1156) cannot be read to include dismissals under section 782, a statute not mentioned, much less considered, in that case.  (*People v. Stone* (2009) 46 Cal.4th 131, 140 ["Cases are not authority for matters not considered."].) Section 750 states only that the receiving court "shall take jurisdiction of the case."  The extent of that jurisdiction is determined by California statutory and constitutional provisions.  (See *People v. Ramirez* (2008) 159 Cal.App.4th 1412, 1426.)  As discussed, section 782 limits a juvenile court's power to dismiss a petition to petitions filed in that court.

---

**4**  Section 750 provides in its entirety:  "Whenever a petition is filed in the juvenile court of a county other than the residence of the person named in the petition, or whenever, subsequent to the filing of a petition in the juvenile court of the county where such minor resides, the residence of the person who would be legally entitled to the custody of such minor were it not for the existence of a court order issued pursuant to this chapter is changed to another county, the entire case may be transferred to the juvenile court of the county wherein such person then resides at any time after the court has made a finding of the facts upon which it has exercised its jurisdiction over such minor, and the juvenile court of the county wherein such person then resides shall take jurisdiction of the case upon the receipt and filing with it of such finding of the facts and an order transferring the case."

We also find it significant that section 750 was enacted before section 782. We are entitled to presume that when the Legislature enacted section 782, it was aware of section 750 and the possibility that a petition filed in one county could be transferred to another, and it nevertheless chose to specify that a section 602 petition could be dismissed only by "[a] judge of the juvenile court in which [the] petition was filed." (§ 782; see *In re Michael G.* (1988) 44 Cal.3d 283, 293; see also *Greg F., supra*, 55 Cal.4th at p. 407.)

For all the foregoing reasons, neither section 750 nor *Brandon H.* support a construction of section 782 that would permit one juvenile court to dismiss a section 602 petition filed in another juvenile court. As discussed, section 782 plainly and unambiguously provides otherwise.

The People assert that interpreting section 782 in accordance with its plain meaning would lead to absurd results. They first assert that "[i]f accepted, petitioner's view of section 782 means that no juvenile court has jurisdiction to dismiss a petition following a transfer-in under section 750." As a preliminary matter, we question the assumption that once a case is transferred pursuant to section 750, it cannot be returned to the transferring court for any purpose. Section 750 contains no such limitation. In *Brandon H.*, the court cited Witkin for the proposition that " '[a] final order of transfer permanently removes the entire case from the original court.' " (*Brandon H., supra*, 99 Cal.App.4th at p. 1156.) Witkin cites to this court's decision in *In re Mary B.* (1971) 20 Cal.App.3d 816 (*Mary B.*), overruled on another ground by *In re Tracy Z.* (1987) 195 Cal.App.3d 107, 112, footnote 1, as support for the proposition. (10 Witkin, Summary of Cal. Law (10th ed. 2005) Parent & Child, § 460, p. 572.) In *Mary B.,* however, this court observed that "[s]ituations may arise where the interests of the minor or of the prosecuting authorities call for re-transfer to the county where the events occurred. . . . [W]e do not foreclose the possibility of a re-transfer." (*Mary B., supra*, 20 Cal.App.3d at p. 821, fn. 3.)

We need not decide whether a case, once transferred under section 750, can be returned to the transferring court for purposes of obtaining a dismissal under section 782, because even assuming that it cannot, construing section 782 in accordance with its plain meaning will not lead to absurd consequences.

As the People correctly observe, one of the grounds for dismissing a section 602 petition under section 782 is where the court finds the minor "is not in need of treatment or rehabilitation." (§ 782.) The People argue that if section 782 is read literally, "no juvenile court has jurisdiction to dismiss a petition following a transfer-in under section 750," even in situations where the minor is found "not in need of treatment or rehabilitation." While this potential consequence is troubling, it is not so absurd that we must override the plain meaning of the statutory language.

As our Supreme Court recently stated in construing section 733, subdivision (c), "To justify departing from a literal reading of a clearly worded statute, the results produced must be so unreasonable the Legislature could not have intended them." (*D.B., supra,* 58 Cal.4th at p. 948.) As detailed above, we presume that the Legislature was aware of section 750 and the possibility that a petition filed in one court could be transferred to another court when it enacted section 782 and provided that "[a] judge of the juvenile court in which a petition was filed . . . may dismiss the petition . . . ." (Former § 782.) Indeed, absent the potential for transfer to another court, there would have been no reason to specify that a petition could be dismissed by a judge of the juvenile court in which the petition was filed. Moreover, section 750 does not allow for transfer until "after the court has made a finding of the facts upon which it has exercised its jurisdiction over such minor . . . ." In order to exercise jurisdiction over the minor, the juvenile court must conclude that a crime has been committed. (*Greg F.*, *supra,* 55 Cal.4th at p. 403; § 701.) It is understandable that the Legislature would place the authority to dismiss a petition in the hands of the court that sustained it. While it indeed would be unfortunate if a minor who no longer needed treatment or rehabilitation had to

9

remain a ward of the court because no court had jurisdiction to dismiss the section 602 petition, this circumstance does not justify ignoring section 782's plain meaning. As the court explained in *D.B.,* "We are not free to rewrite the law simply because a literal interpretation may produce results of arguable utility. The Legislature, of course, remains free to amend section [782] if the language it has enacted is now understood to create unintended consequences." (*D.B., supra*, 58 Cal.4th at p. 948.)

The People also assert that construing section 782 in accordance with its plain meaning would create a perverse incentive for a delinquent minor to commit his or her most recent crime in another jurisdiction where officials may not be aware that the minor was on probation for a DJF-eligible offense. This assertion borders on the absurd. Applied here, it would mean that Steven chose to carry a concealed weapon in San Francisco, as opposed to Sacramento, because in the event he was caught, officials in San Francisco might not be aware he was on probation for a DJF-eligible offense in Sacramento and thus would mistakenly file a 602 petition instead of a notice of probation violation, which he would then admit to avoid being committed to DJF as a result of a prior offense. We reject the People's assertion that a delinquent minor would be motivated in this manner.

DISPOSITION

The writ of mandate is granted.  Let a preemptory writ of mandate issue, directing respondent superior court to (1) vacate its order dismissing the petition filed on August 14, 2014, and (2) dismiss the August 22, 2014 notice of violation of probation.  The stay which was issued by the Supreme Court pending a decision of this court is by virtue of our decision *functus officio* and is dissolved by operation of law.


                /s/
                Blease, Acting P. J.


We concur:


    /s/
Nicholson, J.


    /s/
Murray, J.